**UNITED STATES of America, Appellee,**

v.

**Ben Thie SCHULTZ, Appellant.**

**No. 20671.**

United States Court of Appeals, Eighth Circuit.

July 8, 1971.

Gregory D. O'Shea, Lemay, Mo., for appellant.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

For the second time we consider the conviction of Ben Thie Schultz for robbery in violation of 18 U.S.C. § 2113(a).[1]

Two issues are raised on this appeal. Through appointed counsel, appellant contends that the trial court prejudiced the defense of insanity by requiring de-fendant to present his medical expert out of turn. The record belies this contention. At the commencement of trial, Schultz's attorney advised the trial court that Dr. Bell, Schultz's medical-psychiatric witness remained "on call." At the conclusion of the government's case in chief, except for presentation of exhibits, Schultz's counsel called Dr. Bell as defendant's first witness without any intervention by the trial judge. The record discloses the following colloquy:

THE COURT: Do you want to call the doctor, this doctor, in rebuttal, or do you know at this point?

MR. MARTIN [attorney for government]: I don't know, I will talk to him.

THE COURT: All right.

MR. O'SHEA [attorney for Schultz]: Can we get Dr. Bell?

THE COURT: Yes.

MR. O'SHEA: Would you get Dr. Bell? (Addressing the bailiff.)

* * * * * *

MR. O'SHEA: First of all, Dr. Bell, I kind of called you unexpectedly, I apologize for that.

THE WITNESS: That is all right.

This record indicates that defense counsel made a deliberate choice in the order of calling his witnesses.[2]

Schultz, pro se, has supplemented his counsel's brief and charged that the jury selection in this case took place out of his presence, as well as out of the presence of the district judge. At oral argument, counsel for both sides indicated a recollection of the jury selection contrary to that of Schultz. The transcribed reporter's notes furnished us at our request by the United States Attorney's office disclose the commencement of jury selection in the presence of Schultz, both attorneys, and the trial judge.

We find no merit in the contentions made by appellant. We dismiss this appeal as frivolous.

1. We reversed Schultz's initial conviction on this charge. United States v. Schultz, 431 F.2d 907 (8th Cir. 1970).

2. Counsel also called defendant's wife as a witness, and defendant himself testified against his counsel's advice.